IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELLY MALINA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-19-1808 |
| § | | |
| MAKITSO USA LLC, *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This employment case is before the Court on Plaintiff Shelly Malina's Motion [Doc. # 29] seeking reconsideration of the Court's October 18, 2019 dismissal of her retaliation claim under Title VII. Defendant Makitso USA LLC ("Makitso") filed a Response [Doc. # 32]. Having reviewed the record and the applicable legal authorities, the Court exercises its discretion to **grant** the Motion.

## **I. BACKGROUND**

Plaintiff filed this lawsuit on May 17, 2019, and filed her First Amended Complaint [Doc. # 16] on September 10, 2019. By Memorandum and Order [Doc. # 25] entered October 18, 2019, the Court dismissed Plaintiff's claims for (1) national origin discrimination or harassment, (2) retaliation for reporting racially discriminatory hiring practices, and (3) common law assault and battery.

On October 29, 2019, Plaintiff filed her Motion seeking reconsideration of only the dismissal of the claim of retaliation based on her protesting racially discriminatory hiring practices. The Motion is now ripe for decision.

## II. GOVERNING LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure allows a party to seek reconsideration of interlocutory orders, and authorizes the district court to revise at any time an order or other decision that does not end the case. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotation marks and citations omitted).

## III. ANALYSIS

In the October 18 Memorandum and Order, the Court found that Plaintiff failed to allege an adequate factual basis to support her Title VII retaliation claim based on reporting racially discriminatory hiring practices. *See* Memorandum and Order [Doc. # 25], p. 9. In Plaintiff's Motion, she notes correctly that she alleged in the First Amended Complaint that she heard Makitso's Chief Executive Officer state "don't hire any brown skin, like the girls upstairs." *See* First Amended Complaint, ¶ 3.4.

Plaintiff further alleged in the First Amended Complaint that she "unequivocally objected to making hiring decisions based on race instead of merit but was overruled by the CEO." *Id.* The First Amended Complaint, however, failed to include a time reference for the alleged comments.

In her Motion, Plaintiff states that the comments referenced in paragraph 3.4 of the First Amended Complaint occurred in September 2017. Plaintiff attaches to her Motion a report to Makitso's Human Resources Department in January 2018 in which she complained of the "brown skin" comment, which she identified in the January 2018 report as having occurred in September 2017.

Defendant argues correctly that the allegation that the "brown skin" comment was made in September 2017 should have been included in the First Amended Complaint. Nonetheless, based on the new allegation regarding the timing of the "brown skin" comment, the Court exercises its discretion to allow the Title VII retaliation claim to proceed. The Court requires Plaintiff to file a Second Amended Complaint which must contain all factual allegations on which Plaintiff bases her causes of action in this lawsuit.

### IV. <u>CONCLUSION AND ORDER</u>

Pursuant to Rule 54(b), the Court exercises its discretion to reconsider its prior dismissal of Plaintiff's retaliation claim. In light of the new allegations in the Motion,

it is hereby

**ORDERED** that Plaintiff's Motion [Doc. # 29] is **GRANTED** and the prior dismissal of the Title VII claim for retaliation for reporting racially discriminatory hiring practices is **VACATED**. It is further

**ORDERED** that Plaintiff shall file a Second Amended Complaint, which contains all factual allegations on which Plaintiff bases her causes of action in the case, by **December 18, 2019**.

SIGNED at Houston, Texas, this **5th** day of **December, 2019**.