LAW OFFICES OF
# 𝕶𝖆𝖙𝖗𝖎𝖓𝖆 𝕻𝖆𝖙𝖗𝖎𝖈𝖐

KATRINAPATRICKLAW.COM     6575 WEST LOOP SOUTH, SUITE 500
BELLAIRE, TEXAS 77401
(713) 796-8218     KATRINA@VOICEOFTHEEMPLOYEES.COM

June 25, 2020

The Honorable Nancy Atlas
United States District Judge
Post Office Box 61010
Houston, Texas 77208

RE:    Civil Action No. 4:19-cv-1808; *Shelly Malina v. Makitso USA LLC, et al.*

Dear Judge Atlas:

I represent Plaintiff Shelly Malina. I write to request the Court's intervention to resolve discovery disputes between the parties namely Defendant Makitso USA's refusal to produce Ralph Canaphany for his deposition and refusal to provide complete responses to Plaintiff's first set of discovery.

Plaintiff brings suit against her former employers for i) sexual harassment, ii) retaliation from opposing sexual harassment and iii) retaliation from opposing race-based hiring practices. She also sues Ralph Canaphany in his individual capacity for assault & battery. For our purposes today, Mr. Canaphany is the owner and CEO of Defendant Makitso USA.

Plaintiff attempted to resolve her discovery differences with a letter dated October 1, 2019, follow-up emails, and a teleconference June 11, 2020 for about 40 minutes. Issues remain.

Makitso USA filed its initial responses September 25, 2019 and amended on June 16, 2020 producing 946 new pages and amending some interrogatories.

## Oral Depositions

Plaintiff asked for the oral depositions of Ralph Canaphany and Can Li since August 26, 2019 and then included LaCarla Marshall beginning September 9, 2019. Defendant Makitso USA refuses to produce Mr. Canaphany for his deposition even via video citing that he lives in China.

## Jurisdictional Requirements of 15 employees

The number of "employees" Makitso USA had during the applicable time period to determine whether it satisfies Title VII's jurisdictional limit of 15 employees is at issue – at least per Defendant. Long before, Plaintiff can discover information related to her three distinct claims, she must spend considerable discovery tools preparing to defend that which should not be in dispute.

Based thereon, Plaintiff requested Defendant identify all employees and workers (e.g., temporary employees and contractors) who performed work for it from January 1, 2017 to February 1, 2018. (Interrogatories 1, 2, 13 and corresponding Production Requests).

Makitso USA failed to answer fully. Plaintiff's recent persistence yielded Makitso USA to increase the number of employees from 12 to 18. Yet, Plaintiff contends this number is still inaccurate. Plaintiff recalls that Casey Esquivel, Janet Shawn, Matt Brandow, Gwen Brown, Gus (last name unknown), and Anna (last name unknown) worked there. Too, Ralph Canaphany is the owner and CEO. He is not listed. **Plaintiff requests that the Court compel affirmative answers to its list of workers during this time period.**

Next, Defendant contends that Assistant General Manager Can Li, Warehouse Manager Ghassan Zaqtan, Product Specialist Ever Gonzalez and Product Specialist Marlon Cruz were not "employees" but workers including temporary employees or contractors. *And* given that the definition of employees for Title VII sake depends on the "payroll" factor adopted by the U.S. Supreme Court, Plaintiff further delved into job titles, duties and which entity directly paid the worker, and what portion of the pay was paid by Defendant for each. Makitso USA failed to answer fully. **Plaintiff requests that the Court compel such answers (e.g., duties and pay information) during this time period including whether taxes were withheld.**

## Witness Contact Information

Plaintiff requested the last known contact information of all such employees and workers as they are potential witnesses. Plaintiff has a right to contact non-managers and former employees without having to go through Defendant's attorney. Ms. Galeoto asserts that Plaintiff go through defense counsel for all such contact. Such is not required. **Plaintiff requests that the Court compel such contact information.**

## Plaintiff's claims that the 3 named Defendants are Joint Employers

Despite all indications proving otherwise ne e.g., websites, common employees, and witness testimony, Defendant Makitso USA still maintains it is separate from the other 2 named Defendants. Proving the interrelatedness of the 3 entities also supports Plaintiff's claims that the 15 employee threshold is satisfied.

Based thereon, Plaintiff requested Makitso USA identify "all interrelated duties, roles, ownership interest, financial interest, distribution, and staff" as between the 3 companies. Makitso USA failed to respond fully. (Interrogatories 4, 16 and corresponding Production Request including #72). **Plaintiff requests that the Court compel such connection as it goes to her joint employer theory.**

### Investigation, if any, into Plaintiff's Opposition To Harassment and Retaliation

Indisputably, Plaintiff made several outcries of discrimination and retaliation internally. Defendant answered citing several affirmative defenses about its responses thereto. And yet when Plaintiff asked about its investigation including witnesses interviewed and outcomes of such, Makitso USA failed to respond. Plaintiff cannot counter Defendant's defenses without such. (Interrogatory 5 and corresponding Production Request including #3, 17). **If Defendant did not investigate such, it should say so and note same in response to the production requests.**

### Decision-makers involved in adverse actions involving Plaintiff

Plaintiff was subjected to disciplinary action and termination days after opposing sexual harassment and retaliation. Plaintiff asked Makitso USA to identify all decision-makers involved in her disciplinary action, their respective roles in such, and the exact reason for her disciplinary actions beyond "sales goals." It has refused to provide specific persons involved in such. (Interrogatory 6 and corresponding Production Request). Defendant claims that Plaintiff was "verbally warned several times by **Makitso USA** that she needed to bring in more customers to meet her sales goals." (Emphasis added). **Plaintiff requests that it answer sub-parts i through iii (specifically state how Plaintiff was not meeting her sales goals e.g., her sales versus the target) as it relates thereto.**

Defendant further claim that Plaintiff was issued written disciplinary actions. **Again, it did not answer sub-parts i through iii as it relates thereto.**

Lastly, Defendant's objections are without merit and not the type authorized by the rules of civil procedure including the futile argument that these subparts are discrete and should count as its own separate Interrogatory.

### Defendant's claims that Plaintiff exceeded the number of allotted Interrogatories

Makitso USA **failed to answer interrogatories 8 through 19** citing that Plaintiff exceeded her allotted number of interrogatories in the seven (7) prior interrogatories. Such is untrue. The undersigned shared with Defendant case law holding that an interrogatory, for example, asking to "identify the person(s) who made said representations, detail the representation made, identify to whom the representation was directed, identify who relied on the representation, and detail when the representation was made" constitutes one discrete subpar. *Moser v. Navistar Int'l Corp.*, 4:17-cv-00598, 2018 WL 3614012, at *6 (E.D. Tex. July 27, 2018). "When an interrogatory asks a party to describe or identify communications of a particular type, it is <u>reasonable</u> to expect a full and complete answer to include time, place, persons present, and content for each such communication." *Dimitrijevic v. TV&C GP Holding Inc.*, CV H-04-3457, 2005 WL 8164073, at *3 (S.D. Tex. Aug.24, 2005) (Emphasis added). Defendant remains unwilling to provide answers to such.

Plaintiff asks the Court to compel such responses for three reasons: (i) the subsections are necessary to extract a full and complete answer to the premise, (ii) Defendant's bad faith act of deliberating

3

undercounting its employees so as to challenge jurisdiction forced Plaintiff to use a significant number of interrogatories to defend against such, and (iii) Defendant's bad faith act of deliberating denying the interrelatedness of Defendant Makitso America and Defendant Brandstand International forced Plaintiff to use a significant number of interrogatories to defend against such.

Makitso USA repeatedly engaged in bad faith when it "responded" to discovery requests by citing to bates-labeled pages that are not applicable or responsive. The undersigned indexed all documents produced by Defendant and found such to be true. Moreover, and during conferencing, the undersigned asked defense counsel to point out bates-label numbers responsive to such in the event she overlooked something. Defendant failed to do so.

### Production, Sales Goals, Attendance of Plaintiff and Comparators

Makitso USA claims it disciplined and discharged Plaintiff because of sales and attendance. Yet, when asked, it failed to produce policies outlining such, Plaintiff's production and attendance records, and Plaintiff's comparators' production and attendance records during the entirety of her employment. (Interrogatories 8, 9, 10, 11 12, and Production 1, 6, 70, 73, 74).

### Witness Statements

Makitso USA has not answered affirmatively whether it has witness statements. (Interrogatory 18, Production #2, 16)

### Policies & Training

Makitso USA failed to provide Plaintiff with a copy of its disciplinary policies, work from home policies, Title VII training records, claims it disciplined and discharged Plaintiff because of sales. Yet, when asked, it failed to produce policies outlining

### Comparators, Decision-makers and Witnesses

Makitso USA failed to provide job descriptions, disciplinary actions and evaluations of comparators, decision-makers and witnesses in this suit save for Plaintiff and Grace Rangel. Makitso USA cannot have it both ways. Ms. Rangel provided Plaintiff with an affidavit corroborating the sexually hostile workplace by Owner and CEO Canaphany. Makitso USA was quick to provide her disciplinary history. Based thereon, Plaintiff should have access to such for all witnesses. (Production 23, 57, 60)

### Request for Documents

Defendants end such with the language "and any supplemental production." Plaintiff has a right to know whether she has all such responses or not.

4

**REQUEST FOR DOCUMENTS NOs. 4-5:**
When asked about Plaintiff's personnel files, Defendant merely cited to the entirety of its production, when such is not responsive. Bates-label 1-248 deal with a host of documents that could not possibly make up Plaintiff's personnel file including but not limited to: EEOC information.

**REQUEST FOR DOCUMENTS NO. 16:**
When asked about written or recorded statements of the Plaintiff, Defendant merely cited to the entirety of its production, when such is not responsive. Bates-label 1-248 deal with a host of documents that could not possibly be responsive including but not limited to: EEOC information and tax records.

**REQUEST FOR DOCUMENTS NO.23:**
Plaintiff requested documents which evidence or relate to disciplinary action, oral or in writing, formal or informal, taken against Plaintiff, Can Li, LaCarla Marshall, Ralph Canaphany, John Tracy, Grace Rangel, and Wilfred Ortiz during their employment with Makitso USA LLC. Of the documents listed, only 138 through 140 reflect what Plaintiff has requested and even then it only relates to Plaintiff. Plaintiff has not received documents which evidence or relate to disciplinary action taken against Can Li, LaCarla Marshall, Ralph Canaphany, John Tracy, or Wilfred Ortiz. These folks are witnesses and responsible management officials in a federal lawsuit. Their history with Makitso is at issue.

**REQUEST FOR DOCUMENTS NO. 57:**
All evaluations, disciplinary actions, and/or counseling involving Plaintiff, Can Li, LaCarla Marshall, Ralph Canaphany. Grace Rangel, John Tracy and Wilfred Ortiz

Plaintiff only received disciplinary actions and/or counseling involving Plaintiff. Further, Plaintiff has not received her evaluations. Defendant has not provided Plaintiff with evaluations, disciplinary actions, and/or counseling for Can Li, LaCarla Marshall, Ralph Canaphany, Grace Rangel, John Tracy, or Wilfred Ortiz.

**REQUEST FOR DOCUMENTS NO. 60:**
Any and all documents which reflect or set forth the job duties and responsibilities of Plaintiff, Can Li, LaCarla Marshall, Ralph Canaphany. John Tracy, Grace Rangel, and Wilfred Ortiz during their employment with Defendant.

The documents listed by Defendant as responsive to this request do not specifically reflect the job duties of Plaintiff, Can Li, LaCarla Marshall, Ralph Canaphany, John Tracy, Grace Rangel, or Wilfred Ortiz during their employment with Defendant.

**REQUEST FOR DOCUMENTS NO. 61:**
All documents reflecting your document retention policies on employment records.

Defendant directs Plaintiff's attention to #71-98. These documents do not reflect the Defendant's

5

policies on document retention of employment records.

**REQUEST FOR DOCUMENTS NO. 71:**
Produce a copy of Defendant's disciplinary policy during Plaintiff's employment.

Defendant directs Plaintiff's attention to #71-98. Although these documents are Makitso's Policies and Rules of Conduct, there is not a specific disciplinary policy within.

**REQUEST FOR DOCUMENTS NO. 72:**
From January 1, 2016 to present, produce a copy of the Defendant's Accounts Payable and Accounts receivable that reflect payments to and from BrandStand.

Plaintiff did not receive a copy of the Defendant's Accounts Payable and Accounts Receivable that reflect payments to and from BrandStand from January 1, 2016 to present.

**REQUEST FOR DOCUMENTS NO. 73:**
Please produce the Customer Relationship Management documents during Plaintiff's entire employment including those involving Plaintiff.

Defendant directs Plaintiff's attention to Makitso's Sales Commission Plan. This document does not qualify as documents pursuant to Plaintiff's request. Plaintiff has a right to compare the merits of her adverse employment actions against others and their performance.

**REQUEST FOR DOCUMENTS NO. 74:**
Please produce the attendance records including all documents showing tardies and arrival times for the customer service personnel including those supervised by Wilfred Ortiz.

Plaintiff has requested the attendance records for all customer service personnel. Plaintiff has only received her own attendance record from August 14, 2017 to February 4, 2018. Plaintiff has a right to compare the merits of her adverse employment actions against others and their conduct.

Finally, Defendant Makitso USA produced over 946 new pages of information and failed to identify which documents are responsive to each request, as required by Rule 34(2)(E)(i).

Yours truly,

Katrina S. Patrick
Attorney At Law